FILED
2005 Jul-26 PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2005 JUL 25 PM 3:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| VINCE DICHIARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| SOUTHTRUST OF ALABAMA, INC., | ) | CV-05-AR-1584-S |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

1.  Plaintiff filed the present action on June 15, 2005, in the Circuit Court of Jefferson County, Alabama (Civil Action No. CV-05-3500) against defendant SouthTrust of Alabama, Inc. On January 3, 2005, SouthTrust Bank merged with Wachovia Bank, N.A., and ceased to exist as a separate legal entity; therefore, defendant Wachovia Bank, N.A. is the properly named defendant. Counsel is submitting this Notice of Removal and responding on behalf of Wachovia Bank, N.A. SouthTrust was served with the Summons and Complaint on June 24, 2005. (A copy of the State Court file is attached as Exhibit "A", and it contains the Summons and Complaint).

2.  Plaintiff Vince DiChiara is a former employee of SouthTrust Bank in Jefferson County, Alabama. (Complaint ¶ 2). In his Complaint, plaintiff makes

allegations of deceit, misrepresentation, fraud and fraudulent suppression. Plaintiff's fraud claim is premised on his allegation that "Whitfield responded to DiChiara's inquiry by reporting falsely that no such [merger] discussions were underway." (Complaint ¶ 7). Plaintiff also alleges that "Whitfield and Carroll each repeatedly and falsely responded to DiChiara's inquiries about stock options with an emphatic 'no' and with further false representation that SouthTrust did not allow separated employees to exercise stock options, nor did SouthTrust compensate others (ever) for their loss of valuable options." (Complaint ¶ 11).

    3.    Plaintiff's state law claims are subject to removal and pre-empted by the Securities Exchange Act of 1934, which provides in part as follows:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.

15 U.S.C. § 78aa. The Securities Exchange Act vests exclusive jurisdiction of violations of the Act and rules and regulations thereunder in federal courts. McCormick v. Esposito, 500 F.2d 620 (5th Cir. 1974).

In this case, plaintiff claims that because Whitfield and Carroll failed to disclose material nonpublic facts regarding the merger of SouthTrust Bank and Wachovia, he was fraudulently induced to resign and not seek compensation for his valuable stock options. (Complaint ¶¶ 7, 11, and 12). Such allegations amount

to a claim of securities fraud. See Rizzo v. The MacManus Group, 158 F. Supp. 2d 297, 300 (S.D.N.Y. 2001)(Rizzo's claim of securities fraud included allegations that representatives fraudulently withheld information regarding imminent merger prospects while negotiating plaintiff's severance agreement that included sale of plaintiff's stock options.). The allegations of the plaintiff in Rizzo mirror the allegations of the plaintiff in the above-styled action. Both plaintiffs allege that corporate representatives fraudulently withheld information regarding their corporation's merger. Additionally, both plaintiffs allege that because the corporate representatives withheld information, each was fraudulently induced to sign a severance agreement that included the sale of certain stock options. Plaintiff's allegations in this action amount to a claim of securities fraud, making federal jurisdiction proper. "Under [15 U.S.C. Section 78], district courts have 'exclusive jurisdiction' in the sense that all criminal and civil proceedings initiated in the courts for violations of this chapter must be brought in such courts." Wright v. Securities and Exchange Commission, 112 F. 2d 89 (2d Cir. 1940).

The Securities Exchange Act provides:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation.

3

15 U.S.C. § 78n.

Further, the Act provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange…**(b)** To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement (as defined in section 206B of the Gramm-Leach-Bliley Act), any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).

Although plaintiff has attempted to cover his allegations in state law claims, what plaintiff is actually claiming is that defendant violated the Securities and Exchange Act. To determine whether there is liability, there must be an interpretation of the provisions of the Securities Exchange Act. As such, plaintiff's claims are subject to removal. See Kinsey v. Nestor Exploration Ltd., 604 F. Supp. 1365 (E.D. Wash. 1985) (Federal jurisdiction of suits for violations of the Securities Exchange Act of 1934 is exclusive).

4. Because plaintiff asserts claims under the Securities Exchange Act of 1934, his state law claims are pre-empted by federal law. Therefore, this Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331, and they are removable pursuant to 28 U.S.C. § 1441(b).

5. Defendant SouthTrust Bank was served with the Complaint on June 24, 2005. This Notice of Removal is being filed within thirty (30) days after receipt by defendant Wachovia Bank N.A. and is timely filed under 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1441, defendant gives notice of removal of this action from the Circuit Court of Jefferson County, Alabama to the United States District Court of the Northern District of Alabama, Southern Division.

7. Pursuant to 28 U.S.C. § 1446(d), defendant has served its Notice of Removal on all parties by facsimile and U.S. Mail, and defendant has filed by hand-delivery this Notice with the Clerk of the Circuit Court of Jefferson County, Alabama.

Respectfully submitted,

Tammy L. Dobbs
Robbie Steele Martin
**CONSTANGY, BROOKS & SMITH, LLC**
1901 Sixth Avenue North
Suite 1410
Birmingham, Alabama 35203
Phone: (205) 252-9321

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the Circuit Court of Jefferson County by hand-delivery and upon the following counsel of record by facsimile and by placing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

>Barry V. Frederick, Esq.
>Allison W. Lowell, Esq.
>Wiggins, Childs, Pantazis & Quinn, L.L.C.
>The Kress Building
>301 19th Street North
>Birmingham, AL 35203

This 25th day of July, 2005.

Robbie Steele Martin