FILED

2005 Sep-12  AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
VINCE DICHIARA,                }
                               }
        Plaintiff,             }
                               }        CIVIL ACTION NO.
v.                             }        05-AR-1584-S
                               }
WACHOVIA BANK, N.A.,           }
                               }
        Defendant.             }
```

**MEMORANDUM OPINION**

Before this court is the motion of plaintiff, Vince DiChiara ("DiChiara"), to remand the above entitled case to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Wachovia Bank, N.A. ("Wachovia").

*Introduction and Procedural History*

DiChiara filed his complaint in state court, alleging state law claims of deceit, misrepresentation, fraud and fraudulent suppression.  He made no reference to any federal statute, regulation or constitutional provision, but one of his claims invoked the alleged loss of stock options as a proximate consequence of defendant's tortious conduct.

Wachovia timely filed its notice of removal on the basis of federal question jurisdiction under 28 U.S.C. § 1331, asserting that DiChiara's state law claims are preempted by the Securities Exchange Act of 1934.  DiChiara's motion to remand and supporting brief argue that the well-pleaded complaint rule requires a federal

question to appear on the face of the plaintiff's complaint and that his complaint contains no such facial federal question.

### *Analysis*

A defendant may remove a case to federal court only if the court would have had original jurisdiction.  28 U.S.C. § 1441; *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Federal courts have original jurisdiction over cases arising under federal law.  28 U.S.C. § 1331; *Whitt*, 147 F.3d at 1329.

It is well settled that the plaintiff is the "master of his complaint." *E.g., The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411 (1913) ("the party who brings a suit is master to decide what law he will rely on"), *overruled on other grounds by Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841 (1983).  Under the well-pleaded complaint rule, federal courts do not have federal question jurisdiction unless the complaint raises an issue of federal law on its face. *Whitt*, 147 F.3d at 1329; *Metropolitan Life Ins. Co. v Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S. Ct. 96 (1936).

Although DiChiara may well have been able to invoke provisions of the Securities Exchange Act, he elected to file only state law claims.  In this respect, this case differs from two cases cited by Wachovia in its notice of removal.  In both *Rizzo v. The MacManus*

2

*Group*, 158 F. Supp. 2d 297 (S.D.N.Y. 2001), and *Kinsey v. Nestor Exploration, Ltd.*, 604 F. Supp. 1365 (E.D. Wash. 1985), the state court complaints specifically invoked the Securities Exchange Act. Not only does DiChiara's complaint not invoke any federal law, but at oral argument DiChiara expressly disclaimed any intent to seek any form of relief that might be available under federal law.  Of course, if he should renege on this commitment, a second removal is not precluded.  Because DiChiara's complaint raises no federal question, this court does not have subject matter jurisdiction under the usual application of the well-pleaded complaint rule.

Federal courts do recognize an exception to the well-pleaded complaint rule when Congress preempts an area of law so completely that any claims in that area are necessarily federal in character. *Whitt*, 147 F.3d at 1329.  In "complete preemption" cases (also called "super preemption" cases), state law claims are converted into federal claims for purposes of the well-pleaded complaint rule. *Id.*; *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).  Two examples of federal laws that completely preempt all other laws in the field are ERISA and the National Labor Management Relations Act.  *Whitt*, 147 F.3d at 1329; *Metropolitan Life*, 481 U.S. at 62, 107 S. Ct. at 1546-47.

Few statutes possess the "extraordinary preemptive power" required to characterize an entire area of law, and all claims arising under it, as federal.  *Patterman v. Travelers, Inc.*, 11 F.

3

Supp. 2d 1382, 1386 (S.D. Ga. 1997) (quoting *Metropolitan Life*, 481 U.S. at 65).  The Securities Exchange Act of 1934 is not one of them.  In drafting the act, Congress chose to explicitly preserve "all other rights and remedies that may exist at law or in equity." 15 U.S.C. § 78bb(a).  This shows that "Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities violations." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 383, 116 S. Ct. 873, 882 (1996).  Based on this reasoning, the Ninth Circuit held that "the Exchange Act does not completely preempt or occupy the field of securities litigation." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1037 (9th Cir. 2003).

Some federal courts point to the artful pleading doctrine as a second, separate exception to the well-pleaded complaint rule. *E.g., Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998). The artful pleading doctrine holds that a plaintiff may not defeat federal jurisdiction by failing to plead necessary federal questions. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76, 118 S. Ct. 921, 925 (1998).  However, absent complete preemption, a plaintiff may tailor his complaint to avoid federal jurisdiction. *See id.* ("Although federal preemption is ordinarily a defense, once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim.") (internal quotations

omitted); *Arnold v. Blue Cross & Blue Shield of Tex., Inc.*, 973 F. Supp. 726, 731 (S.D. Tex. 1997) ("Although the artful pleading doctrine has at times been treated as a separate exception to the well-pleaded complaint rule, the Supreme Court and the Fifth Circuit have blurred these doctrines by suggesting that courts should limit the artful pleading doctrine to cases involving complete preemption") (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 397, 107 S. Ct. 2425, 2432 (1987)).  If DiChiara has been artful in his pleading, even for the purpose of avoiding federal removal, the facial absence of a federal question from his complaint controls.

A separate order of remand will be entered.

DONE this 12th day of September, 2005.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5